OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated June 19, *223 2013, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon his convictions of serious crimes, to wit, two counts of attempted criminal contempt in the second degree, in violation of Penal Law §§ 110.00 and 215.50 (3), as a result of two altercations with his wife in violation of an order of protection. The Grievance Committee was directed to serve and file a verified petition within 30 days after receipt of a copy of the decision and order on motion; the respondent was directed to serve and file an answer to the verified petition within 20 days after being served with the petition; and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Michael F. Mullen, as Special Referee, to hear and report. In the same decision and order on motion, this Court, on its own motion, vacated the respondent’s suspension resulting from his convictions of serious crimes.
The Grievance Committee now moves to impose discipline against the respondent upon his default in failing to submit an answer to the petition within the time frame set forth in this Court’s decision and order on motion dated June 19, 2013.
Pursuant to this Court’s decision and order on motion dated June 19, 2013, the respondent was served, on July 3, 2013, with a notice of verified petition and verified petition dated June 26, 2013, as well as the decision and order on motion. The verified petition alleged that the respondent was convicted of serious crimes, to wit, two counts of attempted criminal contempt in the second degree, in violation of Penal Law §§ 110.00 and 215.50 (3). Although the decision and order on motion directed the respondent to serve an answer to the verified petition within 20 days after being served with the petition, he failed to do so. Moreover, he has failed to respond to the instant motion. He is, therefore, in default and the charges are deemed established.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, PJ., Mastro, Rivera, Skelos and Chambers, JJ, concur.
Ordered that the petitioner’s motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert E. Link III, is disbarred, and *224 his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Robert E. Link III, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Robert E. Link III, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Robert E. Link III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).